IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

RON AND VERA ROWLAND, AS SURVIVING PARENTS
AND CO-ADMINISTRATORS OF THE ESTATE OF D.R.,
A MINOR, DECEASED                                                                    PLAINTIFFS

V.                                                CIVIL ACTION NO. 1:11CV183-SA-SAA

GENERAL MOTORS OF CANADA LIMITED, A
CORPORATION; TRW VEHICLE SAFETY SYSTEMS,
INC., A CORPORATION; TRW AUTOMOTIVE
HOLDINGS, CORP., A CORPORATION; TRW
AUTOMOTIVE, INC., A CORPORATION; AND TRW
AUTOMOTIVE U.S. LLC, A CORPORATION                                    DEFENDANTS

## MEMORANDUM OPINION

Defendant General Motors of Canada ("GM-Canada") filed a Motion to Dismiss [14] for lack of personal jurisdiction. For the reasons set forth below, the Court denies the Motion to Dismiss.

*Factual and Procedural Background*

Plaintiffs brought a products-liability action against several defendants including GM-Canada. In their complaint, Plaintiffs alleged that GM-Canada is liable for damages suffered in a car accident due to a defective rear seatbelt in Plaintiffs' 1993 Chevrolet Lumina. The Plaintiffs' car was manufactured in Canada by GM-Canada and then sold to General Motors Corporation ("GM-USA").

GM-Canada now specially appears to contest this Court's exercise of personal jurisdiction over it, listing several reasons. First, GM-Canada asserts that it is entirely a Canadian entity formed under the laws of Canada. Second, it alleges that it does no business in the United

States, much less Mississippi. Third, that it does no marketing in Mississippi. Fourth, that title to Plaintiffs' car transferred to GM-USA in Canada, which means that GM-Canada had no control of what was done with the car or where the car went from that point. And finally, that even if the Court finds that GM-Canada does have contacts with Mississippi, the fairness factors of the jurisdictional analysis lean heavily in favor of dismissing the case.

Plaintiffs have responded by pointing out to the Court that GM-Canada sold, albeit in Canada, at least 10,852,940 cars to GM-USA between 1995 and 2007 – roughly 90% of GM-Canada's total car production. Plaintiffs also point out that GM-USA distributed those cars throughout the United States, and that there are at least forty-one Chevrolet dealers in Mississippi.

*Standard*

The framework for evaluating a motion to dismiss for lack of personal jurisdiction is a well-settled matter. "A federal district court sitting in diversity may exercise personal jurisdiction over a nonresident defendant if (1) the long-arm statute of the forum state confers personal jurisdiction over that defendant; and (2) exercise of such jurisdiction by the forum state is consistent with due process…." ITL Int'l, Inc. v. Constenla, S.A., 669 F.3d 493, 496 (5th Cir. 2012). Here, both parties agree that the case at bar hinges on the limits of due process. Due process has three requirements: "(1) minimum contacts by the defendant purposefully directed at the forum state, (2) a nexus between the defendant's contacts and the plaintiff's claims, and (3) that the exercise of jurisdiction over the defendant be fair and reasonable." Lateshaw v. Johnston, 167 F.3d 208, 211 (5th Cir. 1999). At issue here are the first and third requirements.

*Analysis and Discussion*

I.     *Minimum Contacts*

To determine whether GM-Canada has minimum contacts with Mississippi, it must have done some act whereby it "purposely avail[ed] itself of the privilege of conducting activities [there], thus invoking the benefits and protections of its laws." Hanson v. Denckla, 357 U.S. 235, 253, 78 S. Ct. 1228, 2 L. Ed. 2d 1283 (1958). The defendant's conduct must show that it "reasonably anticipates being haled into court" in Mississippi. World Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297, 100 S. Ct. 559, 62 L. Ed. 2d 490 (1980). The Fifth Circuit, prior to the Supreme Court's pronouncement in J. McIntyre, consistently held that "mere foreseeability or awareness [is] a constitutionally sufficient basis for personal jurisdiction if the defendant's product made its way into the forum state while still in the stream of commerce." Luv N'care, Ltd. v. Insta-Mix, Inc., 438 F.3d 465, 470 (5th Cir. 2006) (quoting Ruston Gas Turbines v. Donaldson Co., 9 F.3d 415, 419 (5th Cir. 1993)) (alterations in original).

GM-Canada's primary argument against finding minimum contacts rests upon the plurality opinion authored by Justice Kennedy in J. McIntyre Mach., Ltd. v. Nicastro, __ U.S. __, 131 S. Ct. 2780, 180 L. Ed. 2d 765 (2011), which called into question the constitutionality of finding contacts based on a "stream of commerce" analysis. However, the Fifth Circuit has recently confirmed that J. McIntyre did not make that analysis unconstitutional or obsolete. Ainsworth v. Moffett Eng'g, Ltd., 2013 WL 1920729 (5th Cir. May 9, 2013).

In Ainsworth the Court found sufficient minimum contacts on facts similar to those of the case at bar. Id. The plaintiff, a domiciliary of Mississippi, filed suit against the defendant, an Irish corporation, for damages allegedly caused by a defective fork lift. Id. The defendant sold its fork lifts to an independent United States distributor, not to individual United States customers.

Id. The distributor marketed and sold the fork lifts in all fifty states, and the defendant made no efforts to limit the territory in which its distributor sold the products. Id. In a ten-year time span, the defendant sold 13,073 fork lifts to the distributor, 203 of which were sold to customers in Mississippi. Id. The Court held that exercising personal jurisdiction over the defendant was proper because it was foreseeable that the defendant's products would be sold in Mississippi. Id.

The facts of the case at bar lean even more in favor of finding minimum contacts than do those of Ainsworth. GM-Canada sold not thousands, but millions of cars to GM-USA over a ten-year span. And enough of those cars are distributed and sold in Mississippi to support forty-one Chevrolet dealers. Further, GM-Canada admitted that it has no control over where GM-USA sells the cars. Thus GM-Canada has made no attempt to limit GM-USA from marketing or selling the cars in Mississippi. Finally, the fact that GM-Canada transferred title in Canada does not insulate it from the jurisdiction of this Court because "jurisdiction … 'does not depend on the technicalities of when title passes;' rather, jurisdiction may attach both to manufacturers who supply their own delivery systems and to those that make use of the distribution systems of third parties." Luv N'care, 438 F.3d at 471 (quoting Oswalt v. Scripto, Inc., 616 F. 2d 191, 197 n. 8 (5th Cir. 1980)). Based upon these facts, it is proper to exercise jurisdiction because it is foreseeable that GM-Canada's products would be sold in Mississippi.

## II. *Fairness Factors*

The next inquiry is whether the exercise of jurisdiction would "offend traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Wash., 326 U.S. 310, 316, 66 S. Ct. 154, 90 L. Ed. 95 (1945). The fairness inquiry includes five factors: (1) the burden on the nonresident defendant, (2) the forum state's interests, (3) the plaintiff's interest in securing relief, (4) the interest of the interstate judicial system in the efficient administration of justice, and (5) the

shared interest of the several states in furthering fundamental social policies. Felch v. Transportes Lar-Mex SA DE CV, 92 F.3d 320, 324 (5th Cir. 1996). The analysis of these factors complement the analysis of minimum contacts; that is, "the reasonableness prong of the due process inquiry evokes a sliding scale: the weaker the plaintiff's showing on [minimum contacts], the less a defendant need show in terms of unreasonableness to defeat jurisdiction." OMI Holdings, Inc. v. Royal Ins. Co. of Canada, 149 F.3d 1086, 1092 (10th Cir. 1998) (quoting Ticketmaster-New York, Inc. v. Alioto, 26 F.3d 201, 210 (1st Cir. 1994)). Here, GM-Canada's contacts with Mississippi cannot be described as weak – tens of thousands of its cars have been sold in Mississippi. As such, jurisdiction exists unless GM-Canada can make a "compelling case" that traditional notions of fair play and substantial justice would be violated. Wein Air Alaska, Inc. v. Brandt, 195 F.3d 208, 215 (5th Cir. 1999).

Here, the reasonableness factors weigh in favor of finding personal jurisdiction in Mississippi. First, Mississippi has an interest in resolving a dispute concerning a vehicle accident and personal injuries that occurred in Mississippi. Second, Plaintiffs have a strong interest in obtaining relief for the injuries that were allegedly caused by GM-Canada. Third, the most efficient resolution of the case suggests that Mississippi is the best forum: most of the evidence – the wrecked car, its seatbelt, and witnesses to the accident – is in Mississippi; Mississippi law, not Canadian law will control; and adjudicating the case in Mississippi is the best way to prevent piecemeal litigation. See Delong Equip. Co. v. Wash. Mills Abrasive Co., 80 F.2d 843, 851 (11th Cir. 1988). Finally, Mississippi has a strong interest in advancing the substantive social policy of compensating victims for torts occurring in Mississippi. See Dunn v. Yager, 58 So. 3d 1171 (Miss. 2011).

Although we acknowledge that having to litigate in Mississippi is a burden on GM-Canada as an alien defendant, the other factors nevertheless outweigh this factor in favor of concluding that it is reasonable for Mississippi to exercise personal jurisdiction over GM-Canada. With the advent of modern technology such as email, free access to international video conferencing software, and a vast and reliable network of cellular phone services, the burden of litigating at any distance is minimized. See <u>Ex parte DBI Inc. v. Kia Motors Am, Inc.</u>, 23 So. 3d 635 (Ala. 2009). Also, GM-Canada's legal representation in this case is the same representation that GM-USA has employed in the southeastern region of the United States for many years. Coupled with the fact that 90% of GM-Canada's products are made to sell in the U.S. market, there is no indication that GM-Canada is unfamiliar with or would be prejudiced by defending itself in the courts of the United States.

*Conclusion*

Because GM-Canada minimum contacts with Mississippi sufficient to confer jurisdiction, and the traditional notions of fair play and substantial justice are not offended by hearing this case in Mississippi, this Court finds that due process allows it to exercise jurisdiction over GM-Canada in this action. Defendant's Motion to Dismiss [14] for lack of jurisdiction is DENIED.

A separate order in accordance with this opinion shall issue this day.

SO ORDERED, this the 8th day of July, 2013.

                                             <u>/s/ Sharion Aycock</u>
                                             **U.S. DISTRICT JUDGE**